LEMMON, Judge.
This case involves a collision between a truck and a farm tractor with a cart in tow. Alex Gibson, driver of the tractor, and Milton Green, a passenger in the cart, obtained a jury verdict against the truck driver, his employer and their insurer.
Defendants appealed, contending the evidence does not support the jury’s resolution of the conflicting versions of the accident presented by the two drivers.
The central dispute is whether the accident occurred on the highway or on the shoulder. At the point of collision the highway was straight and level, and was composed of two lanes, each 12 feet wide. Prior to the mid-morning accident on a clear day, both vehicles were traveling north.
Gibson testified that he was driving on the right shoulder, about three feet from the paved portion of the highway, although on other trips he customarily drove on the road when there was no traffic; that the tractor was five to six feet wide and the cart slightly narrower; that shortly before the accident quite a few vehicles passed him on the road in a short period of time; that when he looked back, the truck had come off the highway onto the grassy shoulder; and that he saw the truck hit the cart, after which the truck hit the fender of his tractor. At trial Gibson stated his speed as 28 revolutions per minute, which “is all the tractor runs.” He could not state his speed in miles per hour, although he had estimated 20 miles per hour in an earlier deposition.
Green verified that the tractor and cart were located on the shoulder when struck.
Defendant John Love, driver of the truck, stated that he was driving 40 to 45 miles per hour; that when he first noticed the tractor, it was about 150 yards away and traveling on the shoulder at about 10 miles per hour; that several vehicles on the road ahead of him passed the tractor; that when he was 40 to 50 feet from the tractor, he glanced into his rear view mirror, and when he glanced back, the tractor had pulled about 80% onto the highway; that at about 20 feet from the tractor, he applied his brakes, which didn’t hold, although the brakes didn’t have time to catch before the impact; that the right front fender of the truck struck the left rear side of the cart, but did not strike the tractor; and that he cut left, just missing an oncoming car, which had passed at the ap *62 proximate time of impact. Love identified a photograph of the truck, which showed the damage to the front and side of the right front fender, and stated that the wheel had jammed in the left turning position illustrated.
The investigating officer found unspecified debris on the pavement in the northbound driving lane. He found no skid marks, but stated the truck driver told him the brakes failed. The officer found the truck at rest on the left shoulder 483 feet from the point of collision and the cart and tractor at rest on the right shoulder, 25 and 90 feet respectively from the impact point. He described damage to the rear end of the wagon and the rear hydraulic part of the tractor. He found no evidence that the collision happened on the shoulder.
The accident could not have occurred in the manner described by Gibson and Green. The debris location strongly belies this version. If the truck left the road and traveled several feet on the shoulder before impact, the debris would have fallen on the shoulder, at the point of impact or nearby in the direction of travel. Conversely, since the debris was found on the road, the point of impact could not have been on the shoulder, several feet off the pavement.
We conclude that the jury’s special verdicts, which found Love negligent and Gibson free from negligence, cannot be supported on the basis of Gibson’s testimony. The physical evidence, established by the uncontradicted testimony of the officer (presented by plaintiffs, who vouched for his credibility), completely conflicts with Gibson’s version and compels the conclusion that the collision occurred in the northbound lane.
Nevertheless, the judgment could stand if plaintiffs otherwise established that the tractor entered the highway long enough prior, to the collision so that the truck driver should have seen the maneuver and taken evasive action. The evidence, however, provides no basis on which the jury could reach such a conclusion.
 Plaintiffs deny entering the highway at all. Love, the only other witness to the accident, stated the tractor was just entering the highway when the impact occurred. While Love was probably low in his estimated distance from the tractor of 20 feet (when he applied his brakes) or 40 to 50 feet (when he glanced into the rear view mirror),[1] his testimony does not indicate any negligence on his part. Furthermore, even if the jury disbelieved Love and completely disregarded his testimony, there is no other testimony or physical evidence to indicate Love should have seen the tractor entering the highway in time to avoid the collision. Therefore, since plaintiffs did not prove that proper lookout or adequate brakes would have prevented the accident, we cannot conclude that improper lookout or brake failure caused the casualty. While we are reluctant to disturb a jury verdict based on resolution of a factual conflict, the record must contain credible evidence on which the jury’s conclusion could have been based. We find none in this case.
The judgment is reversed, and it is now ordered that plaintiffs’ suit be dismissed. All costs in both courts are assessed to plaintiffs.
Reversed and rendered.

. At the speeds estimated, the truck (traveling at 59 to 66 feet per second) was going two to four times as fast as the tractor (traveling 15 to 29 feet per second).